IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cr-00200-RK |
| ) | |
| (1) JOSE LUIS BRAVO, et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

On December 14, 2023, Magistrate Judge Willie J. Epps, Jr., issued his Report and Recommendation (Doc. 613) concluding that the Court should deny Defendant Anthony Doll's motion to suppress (Doc. 504).[1] Defendant Doll filed an objection to the Report and Recommendation (Doc. 616).[2]

After an independent review of the matter pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendation made by Magistrate Judge Epps in full. In doing so, the Court emphasizes the following:

Although neither search warrant incorporated by reference or attached the underlying affidavit submitted in support of obtaining each search warrant, the law enforcement team leaders at both locations had access (electronically) to the appropriate search warrant packet and application affidavit. (Tr. at 27:12-25.) This supports the conclusion that even if the search warrants were facially deficient, the *Leon* good faith exception otherwise applies. *See United States v. Curry*, 911 F.2d 72, 78 (8th Cir. 1990) ("in assessing whether reliance on a search warrant was objectively reasonable under the totality of the circumstances, it is appropriate to take into

---

[1] Twelve defendants have filed motions to join Defendant Doll's motion to suppress: Jaime Ramirez-Ceja (Doc. 492), Jose Luis Lopez-Valadez (Doc. 498), Eusebio Ramirez-Ceja (Doc. 499), Rodrigo Manrique Razo (Doc. 501), Jose Luis Bravo (Doc. 503), Antonio Martinez-Munoz (Doc. 511), Miguel Tarin-Martinez (Doc. 512), Jose Guadalupe Razo (Doc. 516), Oscar Adrian Molina-Angulo (Doc. 517), Jose Luis Rodriguez-Valerio (Doc. 518), Ramon Moreno-Hernandez (Doc. 519), and Alejandro Castillo-Ramirez (Doc. 525).

[2] Seven defendants filed motions to join Defendant Doll's objection: Bravo (Doc. 617), Tarin-Martinez (Doc. 618), Martinez-Munoz (Doc. 619), Guadalupe Razo (Doc. 621), Manrique Razo (Doc. 622), Rodriguez-Valerio (Doc. 623), and Ramirez-Ceja (Doc. 624).

account the knowledge that an officer in the searching officer's position would have possessed") (citations omitted).

The Court also notes that in challenging law enforcement's *execution* of the search warrants, Defendant Doll argues that *all* evidence seized in the course thereof should be suppressed and excluded. (*See* Tr. at 81:6-15.) Defendant Doll argues that agents exceeded the scope of the search warrants and that total exclusion is therefore mandated to the extent agents seized boxes of documents for off-site review and searched offices of individuals who were not otherwise identified as specific targets of the criminal investigation.

In *Marvin v. United States*, 732 F.2d 669 (8th Cir. 1984), on which Defendant Doll primarily relies, the Eighth Circuit recognized that "[a] flagrant disregard for the limitations of a search warrant might make an otherwise valid search an impermissible general search and thus require the suppression or return of all evidence seized during the search." *Id.* at 674-75. The Eighth Circuit has since clarified, however, that the "flagrant disregard" standard it recognized in *Marvin* "only applies where the government exceeds the scope of the authorized search in terms of the places searched, and not to cases in which the government indulges in excessive seizures." *United States v. Tenerelli*, 614 F.3d 764, 771 (8th Cir. 2010) (quoting *United States v. Decker*, 956 F.2d 773, 779 (8th Cir. 1992)). The underlying search warrants issued by the magistrate judge in this case authorized a search of the entire business premises at each location, which would include offices of individuals who were known targets of the underlying criminal investigation as well as others who were not themselves targets of the investigation.[3] Thus, the executing agents did not exceed the scope of the authorized search by searching any office space of an individual not specifically identified as a target of the underlying investigation.

At base, Defendant Dolls' argument regarding the seizure of boxes of documents for off-site review is an excessive-seizure challenge to which the flagrant disregard standard does not apply. *Tenerelli*, 614 F.3d at 771. "When officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching unauthorized places, there is certainly no requirement that lawfully seized evidence be suppressed as well." *Id.* (citation and quotation marks omitted); *accord Marvin*, 732 F.2d 669, 674 ("[u]nlawful seizure of items outside

---

[3] Defendant Doll did not meaningfully challenge the scope of the search warrants to the extent they authorized a search of the entire business premises in either his motion to suppress or his objections to Judge Epps' Report and Recommendation.

2

a warrant does not alone render the whole search invalid and require suppression and return of all documents seized, including those lawfully taken pursuant to the warrant") (citations omitted).

Special Agent Joshua Owenby, a co-case-agent in the underlying investigation (Tr. at 13:9-11), testified at the suppression hearing that law enforcement attempted to be selective in carrying out the search, including when identifying boxes of documents that potentially contained relevant documents or records. (Tr. at 33:20-23.) Agent Owenby testified that the boxes of documents were seized in their entirety for practical time-management considerations in light of the volume of documentation agents encountered in executing the search warrants. (*Id.*) Executing the search warrant in this way does not, without something more, support wholesale suppression of all evidence seized in executing the underlying search warrants. *See United States v. Rosenberger*, 872 F.2d 240, 242-43 (8th Cir. 1989) (noting agreement with the district court's conclusion that in seizing boxes of documents and effects encompassing material falling outside the search warrant, the agents acted in good faith attempting to be selective in carrying out the search) (citing *United States v. Premises Known as 1007 Morningside Ave., Sioux City*, 625 F. Supp. 1343, 1350 (N.D. Iowa 1985) (referring to the "logistics of the operation" which "made it impossible to sort all the material on site")); *United States v. Shilling*, 826 F.2d 1365, 1369-70 (4th Cir. 1987), *implied overruling on other grounds recognized by United States v. Starkes*, 32 F.3d 100, 101 (4th Cir. 1994).

Accordingly, after careful consideration and review, the Court **ORDERS** that:

(1) the Report and Recommendation of Magistrate Judge Epps (Doc. 613) is **ADOPTED** in its entirety;

(2) the motions to join Defendant Dolls' motion to suppress (Docs. 492, 498, 499, 501, 503, 511, 512, 516, 517, 518, 519, and 525) and Defendant Dolls' objection (Docs. 617, 618, 619, 621, 622, 623, and 624) are **GRANTED**;

(3) Defendant Dolls' objection (Doc. 616) is **OVERRULED**; and

(4) Defendant Dolls' motion to suppress (Doc. 504) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 20, 2024